UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EXOTIC MOTORS MIDWEST, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV01112 AGF |
| | ) | |
| GORDON J. GRANT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on Plaintiff's motion for default judgment against Defendant Gordon J. Grant. Plaintiff filed its complaint on July 17, 2015, raising four separate causes of action: replevin (Count I), conversion (Count II), breach of contract (Count III), and unjust enrichment (Count IV). Plaintiff presently requests default judgment in the amount of $210,000 on the breach-of-contract claim and dismissal of the remaining claims without prejudice. For the reasons set forth below, Plaintiff's motion will be granted.

## BACKGROUND

Plaintiff alleges the following in its complaint: in spring 2015, Plaintiff, a Missouri entity, and Defendant, a Pennsylvania citizen, concluded a three-car-and-cash package deal for the purchase and sale of a 1997 Porsche, a 2013 Lamborghini, and a 2012 Lexus. Defendant agreed to convey to Plaintiff the Lamborghini and the Porsche, and in exchange, Plaintiff agreed to convey to Defendant the Lexus and $90,000 in cash. The parties agreed on the cars' values as follows: $150,000 for the Porsche, $215,000 for the

Lamborghini, and $275,000 for the Lexus. Plaintiff delivered the Lexus to Defendant and, on April 10, 2015, wired $90,000 to him. Defendant delivered the Lamborghini to Plaintiff.

Defendant was to deliver the Porsche to an agreed-on pick-up location in Pennsylvania and convey its title. He did neither. Defendant told Plaintiff that he had delivered the Porsche as promised but that the car was stolen at the delivery location. Plaintiff repeatedly demanded that Defendant surrender the Porsche immediately, but Defendant refused, stating that he did not know where the Porsche was. Instead, Defendant sold the Porsche to an entity in California sometime between May 26 and June 26, 2015. Plaintiff had sold the Porsche to a third-party purchaser for $210,000, but it had to refund the payment when Defendant failed to deliver the Porsche and the title.

Plaintiff filed the present action on July 17, 2015. After filing an answer pro se, Defendant failed to comply with this Court's order to appear for a Rule 16 scheduling conference on November 24, 2015, though the Court had cautioned him that his failure to appear might result in sanctions, including the striking of his answer and the eventual entry of default judgment against him. On November 25, 2015, the Court ordered Defendant to show cause why his answer should not be stricken from the record for his failure to appear at the conference. Defendant failed to do so, and his answer was stricken from the record on December 8, 2015. The Clerk of the Court entered default against Defendant on January 6, 2016.

On February 18, 2016, Plaintiff filed the present motion for entry of default judgment against Defendant with respect to the breach-of-contract claim. Plaintiff

submitted with the motion a declaration of Daniel Baker, the president and owner of Plaintiff, who attested to the truth of Plaintiff having refunded $210,000 to the third-party purchaser because Defendant failed to deliver the Porsche and the title.

Plaintiff asserts that Plaintiff and Defendant made a valid and enforceable contract, that Plaintiff performed its contractual obligations by delivering the Lexus and wiring the cash to Defendant, that Defendant breached the contract by failing to deliver the Porsche and its title, and that Plaintiff suffered an injury of $210,000 when it refunded that amount to the third-party purchaser who had purchased the Porsche from Plaintiff.

## DISCUSSION

"When a default judgment is entered on a claim . . . facts alleged in the complaint are taken as true, except facts relating to the amount of damages." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). It then "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

Under Missouri law,[1] for breach of contract, a plaintiff must establish "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance

---

[1] This Court agrees with Plaintiff that the only realistic choices of applicable law are Missouri and Pennsylvania laws. The Court concludes that no appreciable difference exists between the relevant laws of the two states, and thus will not engage in a choice-of-law analysis. *See, e.g.*, *Interstate Cleaning Corp. v. Commercial Underwriters Ins. Co.*, 325 F.3d 1024, 1028 (8th Cir. 2003). Both states allow recovery of lost profits in breach of contract cases—the real issue in the present matter—if the non-breaching party can demonstrate with reasonable certainty that it would have made the claimed lost profits but for the breach. *See Wisch & Vaughan Const. Co. v. Melrose Props. Corp.*, 21 S.W.3d

pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010).

Taking Plaintiff's allegations in the complaint as true, this Court concludes that Plaintiff has established a claim for breach of contract under Missouri law. Plaintiff showed that Plaintiff and Defendant agreed on a valid and enforceable contract under the laws of Missouri. *See Strebler v. Hampton Metro Bank*, 686 S.W.2d 28, 30 (Mo. Ct. App. 1984) ("[A] contract to sell an automobile in the future," is enforceable). According to its terms, Plaintiff was to convey to Defendant the Lexus and $90,000 in cash; Defendant was to convey to Plaintiff the Lamborghini and the Porsche. Plaintiff fully performed pursuant to the contract. Defendant breached the contract by failing and refusing to convey the Porsche and the title. Because of Defendant's breach, Plaintiff suffered damages when Plaintiff had to refund the $210,000 Plaintiff had made from the sale of the Porsche to the third-party purchaser.

The Court further finds that Plaintiff provided sufficient evidence showing that Plaintiff is entitled to the lost profits of $210,000. "The fundamental measure of contract damages is that which places the non-breaching party in the position it would have been but for the breach." *United Indus. Syndicate Inc. v. W. Auto Supply Co.,* 686 F.2d 1312, 1316 (8th Cir. 1982) (citing *Hellrung v. Viviano*, 7 S.W.2d 288, 290 (Mo. Ct. App. 1928)).

---

36, 42 (Mo. Ct. App. 2000), *and Co. Image Knitware, Ltd. V. Mothers Work, Inc.*, 909 A.2d 324 (Pa. Super. Ct. 2006). For simplicity, the Court will analyze this case under Missouri law.

Under Missouri law, "[d]amages for loss of profits caused by a breach of contract are recoverable . . . only when they are made reasonably certain by proof of actual facts which present data for a rational estimate of such profits." *Wisch & Vaughan Const. Co. v. Melrose Props. Corp.*, 21 S.W.3d 36, 42 (Mo. Ct. App. 2000) (citing *Coonis v. City of Springfield*, 319 S.W.2d 523, 528 (Mo. 1958)). "[A] business owner's testimonial evidence" meets that evidentiary requirement. *BMK Corp. v. Clayton Corp.*, 226 S.W.3d 179, 196 (Mo. Ct. App. 2007). Here, Baker's declaration sufficiently establishes that the amount of lost profits to Plaintiff due to Defendant's breach of contract was $210,000 as claimed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment on the breach-of-contract claim against Defendant Gordon J. Grant is **GRANTED** in the amount of $210,000. (Doc. No. 25.)

**IT IS FURTHER ORDERED** that Plaintiff's three remaining claims are **DISMISSED** without prejudice.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2016