UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EXOTIC MOTORS MIDWEST, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:15CV01112 AGF |
| GORDON J. GRANT, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This breach of contract action is before the Court on the motion of pro se Defendant Gordon J. Grant to set aside the default judgment against him in the amount of $210,000. The default judgment was entered against Defendant on March 15, 2016. The present motion, which the Court has construed as a motion under Federal Rule of Civil Procedure 60(b) to set aside the default judgment, was filed on February 21, 2017. Defendants oppose the motion. For the reasons set forth below, the motion will be denied.

Under Rule 55(c), a court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b)(1) permits a district court to grant a defaulting party relief from judgment because of that party's "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). When examining whether good cause exists, the district court should weigh "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *United States v. 2005 Chrysler 300C*, 382 F.

App'x 531, 532-33 (8th Cir. 2010). The term "excusable neglect" in the default context is generally "understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Union Pac. R.R. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001) (citation omitted).

The determination of excusable neglect is an equitable determination that takes "account of all relevant circumstances surrounding the party's omission." *Feeney v. AT&E, Inc.*, 472 F.3d 560, 562-63 (8th Cir. 2006) (citation omitted). Those circumstances include the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the movant's reasonable control and whether the movant acted in good faith; and the existence of a meritorious defense. *Id.* at 563. Whether the movant had a good reason for delay is a key factor in the analysis, but even without a satisfactory explanation, relief may be required where other equitable considerations weigh strongly in favor of setting aside the default judgment. *Id*.

When evaluating the appropriateness of default under Rule 60(b), courts distinguish between marginal failures to comply with time requirements and "willful violations of court rules, contumacious conduct, or intentional delays." *United States ex rel Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). With respect to an asserted "meritorious defense," the issue is whether the asserted defense "would permit a finding for the defaulting party, not whether it is undisputed." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998) (citation omitted).

Here, the weight of the relevant factors dictate against granting Defendant's motion. Defendant was aware of the lawsuit from the beginning. He filed an answer to the complaint on October 7, 2015, but failed to participate in further litigation proceedings despite being served with all Court filings. On November 18, 2015 the Court entered an order directing Defendant to appear at the Rule 16 Conference set on November 24, 2015, and advised him that his failure to participate could result in entry of a default judgment against him. On November 24, 2015, after Defendant failed to appear at the Rule 16 Conference, the Court issued a show cause order granting Defendant until December 4, 2015, to show cause why his answer should not be stricken due to his failure to participate in any way in the Rule 16 Conference. Defendant was cautioned that if the answer was stricken, Plaintiff would be in a position to move for entry of default and default judgment against Defendant. Defendant did not respond, and on December 8, 2015, the Court struck Defendant's answer. The Clerk of Court entered default against Defendant on January 6, 2016, and, as noted above, the Court entered default judgment against him on March 15, 2016.

This record shows a conscious disregard of the Court's Orders, rather than negligence on Defendant's part. Although Defendant states he was out of the country from late 2015 through 2016, he does not explain what caused him to be out of the country, nor what prevented him from advising Plaintiff and the Court either of his need to be absent or of some alternative means of contact. Moreover, Defendant has not shown the existence of a defense that would permit a finding in his favor on Plaintiff's breach of

3

contract claim.   The mere fact that Plaintiff at some earlier point in time demanded a lesser amount to resolve the matter does not provide a defense.

The timing of Defendant's current motion also shows that he has not acted in good faith.  He did not move to set aside the default judgment until collection efforts by Plaintiff achieved some success almost a year after final judgment was entered.   And at this point, $165,168.89 that was deposited with the Court by a garnishee has been disbursed to Plaintiff in the ordinary course of the Court's procedures, such that granting Defendant's motion would negatively impact the judicial proceedings of this Court. Lastly, Defendant's pro se status did not entitle him to disregard Court Orders or the Federal Rules of Civil Procedure.  *See, e.g., Butler v. Smithway Motor Express, Inc.*, No. C 02-3032-MWB, 2004 WL 632944, at *2 (N.D. Iowa Mar. 22, 2004) (denying a pro se defendant's motion to set aside a one-year old default judgment).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to set aside the final judgment in this case is **DENIED**.   (ECF No. 36.)

                                                                        _____
                                                                        AUDREY G. FLEISSIG
                                                                        UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2017